## Case No. 7,665.

### KELLOGG v. MORSE.

[Cited in Oliver's Forms (Ed. 1828) 382. Nowhere reported: opinion not now accessible.]

## Case No. 7,666.

### KELLOGG v. RUSSELL et al.

[11 Blatchf. 519; [1] 11 N. B. R. 121.]

Circuit Court, N. D. New York. March 17, 1874.

PRACTICE IN BANKRUPTCY — SUIT BY ASSIGNEE— PROPERTY IN ASSIGNEE'S POSSESSION—INJUNCTION TO RESTRAIN STATE COURT.

1. The marshal of the United States. as the messenger of the district court. in bankruptcy. seized certain property as the property of a bankrupt. and put it into the hands of the assignee of the bankrupt. A person who claimed the property as his own brought a suit against

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

the marshal, in a state court, for such seizure. The assignee in bankruptcy and the marshal, as plaintiffs, then brought a suit in equity, in this court, against such person and the bankrupt, to set aside certain transfers under which such person claimed such property, as being fraudulent as against such assignee: *Held*, that the suit was maintainable. although the property was in the possession of the assignee.

[Cited in Main v. Glen, Case No. 8,973; In re Sabin, Id. 12.195.]

2. It was proper for the court to issue an injunction restraining the further prosecution of the suit in the state court.

[Followed in Wilkinson v. Barnard, Case No. 17,669. Cited in Evans v. Pack, Id. 4,566; In re Sabin, Id. 12,195.]

[This was a bill in equity by Justin Kellogg, as assignee in bankruptcy of Gates H. Barnard. and Isaac F. Quinby, marshal of the United States for the Northern district of New York. against William Russell and Gates H. Barnard.]

Jas. E. Chandler, for plaintiffs.
Ezek. Cowan, for defendants.

WOODRUFF, Circuit Judge. The bill herein is filed to set aside certain alleged sales and transfers of property by the defendant, the bankrupt, to the defendant Russell. upon the grounds. alleged in the bill, that such sales and transfers were made for the purpose of hindering, delaying and defrauding the creditors of the bankrupt, and were made in fraud of the bankrupt law [of 1867 (14 Stat. 517)], and to defeat its operation. The bill seeks, thereupon, to affirm the title of the assignee in bankruptcy to such property, and have the same sold, that the proceeds may be appropriated to the payment of the debts of the bankrupt, and, also, that the alleged fraudulent transferee may account for and pay over to the said assignee the proceeds or value of certain of the personal property included in the said fraudulent transfers, to be applied in like manner.

For such purposes. and upon such allegations, this action is a very proper one, and is contemplated and authorized by sections 35 and 39, and not less so by sections 2 and 14, of the bankrupt act. Indeed, without the special express provisions of that act. I think the assignee of a bankrupt might, upon general principles. bring and maintain such an action, to avoid transfers by law declared void as against creditors, or as against the provisions of the statute intended for their protection. It is supposed, that. because the marshal seized the property, and the same is now in the possession of the assignee, that circumstance creates a difference. Not at all a difference in the necessity or propriety of the suit. The defendant Russell claims that the property is his own, he has sued the marshal, acting as the messenger of the district court, taking possession of the property for the benefit of the assignee and the security of the creditors; and he can, at any moment, upon equal grounds. sue the assignee, to recover its value from him. This

claim is a direct impediment to the administration of the property. It renders the position of the officers of the court unsafe, prevents the creditors from receiving any dividend therefrom, and so is a distinct obstacle to the progress of the proceedings in bankruptcy to their proper termination. The assignee has a right to bring a suit to remove such an impediment. The creditors have a right to require the assignee, who, in this behalf, represents them, to prosecute such an action, to determine this alleged fraudulent claim of title, and the bankrupt court itself would not be warranted in proceeding summarily to the disposal and appropriation of the property so claimed to belong to a third person. It has been repeatedly held, that a plenary suit is the proper proceeding against a third person so claiming an adverse interest.

The power to entertain such a suit and the propriety of its exercise involve, also, the power and propriety of employing incidental and collateral remedies, and especially an injunction, to the end that the rights, interests and equities of all parties may be preserved. It has long been the practice of courts of equity, to entertain bills to set aside fraudulent conveyances, for the distinct and special purpose of removing impediments to a levy and sale under execution, or to any form of applying the property, legal or equitable, to the payment of defrauded creditors. This suit is closely analogous. It has the same object, in substance, and is equally proper. Why, then, should not an injunction, pendente lite, be issued, to restrain the defendant from doing anything which can operate to defeat the purposes of this suit, or prevent the appropriation of the property to the payment of debts, without leaving the officers of the court to be harassed with suits in the future. It could be said, in reference to such suits as are above referred to, brought to remove the impediment, of a fraudulent conveyance, to a levy and sale at the suit of a judgment creditor: "The creditor can direct a levy, cause a sale to be made, and abide the consequences. He can then, if sued, set up the alleged fraud in the conveyance, and, if he prove the fraud, that proof will protect him. If he cannot prove the fraud, he is entitled to no protection." Courts of equity will not withhold their protection on such grounds. They will, according to the exigencies of the case, allow their power to be employed to determine such charges of fraud, with all proper parties before them, and so that the rights and equities of all parties may be settled, without the hazard of multiplied and needless litigation. Obviously, if they did not do this, the ends of justice would be often defeated. Judicial sales would be dangerous. All who, in the face of an alleged fraudulent claim, meddled with the property, could be pursued by the fraudulent claimant. So, here, not only is the marshal, who is by law the messenger of the court, and bound, by the rules and practice of the court, to make the seizure, on receiving a bond of indemnity, but the assignee in bankruptcy and all who intermeddle with the property are exposed to prosecution by the alleged fraudulent claimant; and it is even doubtful whether a sale of the property can be made which will not subject the purchaser to a like pursuit. It is not true, therefore, that this action is prosecuted merely for the protection of the marshal who seized the property. If that was all, there would be some force in the argument which treats the case as analogous to that of a sheriff who levies an execution against one upon goods which belong to another. The suit here has a much broader scope than a mere endeavor to protect the marshal. That protection is purely incidental, and yet necessary to the relief to which the assignee and the creditors are entitled, on setting aside the fraudulent conveyance, and so obtaining safe means of appropriating the property seized. Nor is this suit an interference with the proper power and jurisdiction of the state court. Indeed, there is some reason for saying that just such a suit as this might be brought and maintained in a state court of equity, for the purposes, or for most of the purposes, here sought. But, doubts have been entertained whether the assignee, deriving his authority from the federal statute, and proceeding, in his suit to set aside the conveyance or transfer, upon grounds peculiar to the bankrupt law, can find the jurisdiction of the state court adequate to give to him the proper relief. Certainly, the jurisdiction of the federal tribunals is appropriate to this end. Freeman v. Howe, 24 How. [65 U. S.] 450; Buck v. Colbath, 3 Wall. [70 U. S.] 334, 342.

It may be conceded, that, in general, the appropriate procedure would be for the assignee to file his bill without any such prior seizure, and apply for an injunction and a receiver to keep the property safely until the questions in issue are settled. But, where there is, as often there may be, danger that the alleged conspirators to cheat and defraud the creditors will remove the property, or dispose of it, before an assignee can be appointed, such seizure may be indispensable. At all events, this does not impair or take away the right of the assignee, when he is appointed, to bring suit to set aside the transfers, defeat the fraudulent claim, and bring the alleged fraudulent transferee into court for that purpose, so that he may proceed with the administration of the estate according to his duty and the rights of creditors. This is the fundamental ground and purpose of this suit, and the injunction sought is purely incidental and conservative. The injunction no more acts upon the state court, or its jurisdiction, than does an action such as is used for illustration by the counsel for the defendant, viz., a suit against a sheriff charged with levying upon goods not belonging to the judgment debtor. Here, as already suggested, the prosecution of the suit against the marshal

proceeds upon a claim of property, which, upon the allegations of the complaint, it is the right and duty of the assignee to contest, and relates to property in a condition in which the parties in interest may and ought to be brought into court for the investigation and settlement of the matters in contest, in such wise that the assignee can proceed, and the court of bankruptcy can proceed, to the settlement of the estate, and the actual appropriation of the property freed of litigation. The motion for an injunction should be granted.

NOTE. The order entered on this decision was, "that a writ of injunction do issue out of and under the seal of this court, directed to the defendant William Russell, his attorneys, counsellors, solicitors, and agents, and each and every of them, enjoining and restraining them, and each and every of them, that they do absolutely desist and refrain from the further prosecution or trial of the action heretofore commenced by said William Russell, and still pending, in the supreme court of the state of New York in and for the county of Rensselaer, against the complainant Isaac F. Quinby, United States marshal for the Northern district of New York, as mentioned, set forth, and described in the said bill of complaint, during the pendency of this action, and until the further order of this court, and from commencing or prosecuting any other action or proceeding concerning or affecting the said property, or from in any way or manner disposing of, meddling, or interfering with the same, until the further order of this court."